**POLYLOK CORPORATION, Appellant**

v.

**Wellington M. MANNING, Jr., et al.**

**POLYLOK CORPORATION**

v.

**Wellington M. MANNING, Jr., et al., Appellants.**

**Nos. 85–5881, 85–5916.**

United States Court of Appeals, District of Columbia Circuit.

Argued May 13, 1986.

Decided June 20, 1986.

Neal A. Jackson, with whom William Lieth, Washington, D.C., was on brief, for appellant in No. 85–5881 and cross-appellee in No. 85–5916.

David P. Durbin, with whom Carol Ann Petren, Washington, D.C., was on brief, for appellees in No. 85–5881 and cross-appellants in No. 85–5916.

Before MIKVA, EDWARDS and BORK, Circuit Judges.

Opinion for the Court filed by Circuit Judge MIKVA.

MIKVA, Circuit Judge:

Polylok Corporation appeals the district court's dismissal of its lawsuit on jurisdictional grounds. The defendants, who are patent lawyers, allegedly contacted the federal government on behalf of a client. Polylok then sued defendants in the District Court for the District of Columbia, claiming that these contacts had damaged its own interests with the federal government. Polylok argued that under the District of Columbia's long-arm statute, defendants' contacts with the federal government were sufficient for the court to exercise personal jurisdiction over defendants.

The district court held that it lacked personal jurisdiction over the defendants. We cannot review the merits of this jurisdictional ruling, however, because appellant filed its notice of appeal out of time. The district court vacated and re-entered its original judgment, and appellant filed a timely notice of appeal from that second judgment. On the facts of this case, however, this maneuver cannot circumvent the plain requirements for timely filing of a notice of appeal. We therefore dismiss the appeal as untimely. Appellee's cross-appeal of the district court's *vacatur* and re-entry of judgment is dismissed as moot.

## I. BACKGROUND

Polylok Corporation, a New York corporation, designs, manufactures, and finishes textiles. In November 1984 Polylok sued attorneys Wellington M. Manning, Jr., Luke J. Wilburn, Jr., and the former partnership of Manning and Wilburn, in the District Court for the District of Columbia. Defendants practice patent, trademark, and copyright law; their offices are located in South Carolina. Subject-matter jurisdiction was based on the parties' diversity of citizenship. *See* 28 U.S.C. § 1332 (1982). The complaint alleged that defendants conspired with other persons to block Polylok's patent applications at the U.S. Patent and Trademark Office (PTO), which is located in Virginia. Polylok maintained that Manning had interfered with the patent application by obtaining confidential PTO information, arguing to the PTO that letters patent

should not issue to Polylok, disparaging the quality and patentability of Polylok's inventions to PTO officials, questioning the motives of Polylok's management, and engaging in other tortious acts against Polylok.

The district court concluded that the facts did not afford personal jurisdiction over defendants under the D.C. long-arm statute, D.C.Code § 13–423(a) (1981). The court therefore granted defendants' motion to dismiss on April 24, 1985; its order of dismissal was filed the next day. Defendants received notice of this order on April 26. Polylok asserts, however, that it did not receive notice or a copy of the court's order until July 10, 1985. Allegedly unaware until then that the case had been dismissed, plaintiff served interrogatories and requests for production on defendants on July 8 and mailed them to the clerk for filing the next day. On July 10, an employee in the clerk's office telephoned to ask why, in light of the dismissal of the case, the discovery instruments had been filed. Plaintiff avers that this inquiry provided its first inkling that the case had been dismissed.

On July 15, 1985, plaintiff filed a motion to vacate and re-enter the court's April memorandum order. *See* Fed.R.Civ.P. 60(b). By then, it was too late for plaintiff to file a timely notice of appeal from the original order of April 25. *See* Fed.R. App.P. 4(a)(1). Plaintiff argued in support of its Rule 60(b) motion that its counsel had called the district court in late April or early May, and had been informed then that the court had taken no action on defendants' motion to dismiss. The court granted plaintiff's motion, vacated the April memorandum order, and re-entered the order of dismissal on July 31, 1985. Appellants filed a notice of appeal from the July 31 order on August 9, 1985. The net effect of this minuet was to allow plaintiff to file a notice of appeal within thirty days of the district court's *second* judgment. Defendants cross-appealed, arguing that Polylok failed to establish sufficient grounds to justify the district court's *vacatur* and re-entry of its original judgment.

We need not reach this issue. Following the clear directives of the Federal Rules of Appellate Procedure, we must dismiss Polylok's appeal as untimely.

## II. THE RULES FOR FILING A TIMELY NOTICE OF APPEAL

■ The district court's order granting defendants' motion to dismiss was docketed by the court's clerk on April 25, 1985. The appellate rules require the potential appellant to file a notice of appeal with the district court clerk "within 30 days after the date of entry of the judgment or order appealed from." Fed.R.App.P. 4(a)(1). The district court may extend this period to sixty days "upon a showing of excusable neglect or good cause." Fed.R.App.P. 4(a)(5). Since a notice of appeal was not filed by June 24, the clear language of the rules requires us to conclude that Polylok's appeal is untimely.

In the normal course, prospective appellants have no difficulty satisfying Rule 4 because the rules also require that the clerk serve notice of the entry of an order or judgment by mail upon each party who is not in default for failure to appear. Fed. R.Civ.P. 77(d). Rule 4 only operates harshly when the would-be appellant, for whatever reason, does not receive notice of the district court's order or judgment. But the rules state explicitly that the time for appeal may not be extended on account of the appellant's lack of notice: "Lack of notice of the entry by the clerk does not affect the time to appeal or relieve or authorize the court to relieve a party for failure to appeal within the time allowed." Fed.R. Civ.P. 77(d). This prohibition is unconditional.

The Advisory Committee's notes to Rule 77 explain that the present wording was adopted expressly to prevent recurrence of the situation in *Hill v. Hawes,* 320 U.S. 520, 64 S.Ct. 334, 88 L.Ed. 283 (1944), a case on all fours with the matter *sub judice.* In *Hill,* the clerk failed to give notice to the litigant of the entry of judgment, and the litigant therefore failed to file a timely notice of appeal. The district court vacated and then re-entered the original judgment, and the appellant filed a notice of appeal. The Supreme Court held that the appeal was timely; by following this procedure the district court could restart the time for appeal when the clerk had failed to notify the parties of the court's judgment. These procedural shenanigans were abolished by Rule 77 of the Federal Rules. As the Advisory Committee has stated:

> Rule 77(d) as amended makes it clear that notification by the clerk of the entry of a judgment has nothing to do with the starting of the time for appeal; that time starts to run from the date of entry of judgment and not from the date of notice of the entry. Notification by the clerk is merely for convenience of litigants. And lack of such notification in itself has no · effect upon the time for appeal.

Advisory Committee Note to 1946 Amendment, Fed.R.Civ.P. 77.

## III. POLYLOK'S CLAIM FOR RELIEF FROM THE RULES

■ Notwithstanding the Advisory Committee's emphatic language, Polylok argues that its exceptional situation should excuse it from Rule 4's jurisdictional requirements for filing a timely appeal. Polylok emphasizes that it did not receive notice of the order until July 10, 1985, and then acted expeditiously. As noted, appellant asked the district court on July 15 to vacate and re-enter its memorandum order.

Unfortunately for appellant, this argument neither renders the appeal timely under the federal rules nor entitles Polylok to relief from the operation of these rules. This court has articulated the very limited circumstances under which the trial court may vacate and re-enter a judgment under Fed.R.Civ.P. 60(b) in order to alleviate the impact of Rule 77(d). The court may exercise this power when "neither party had actual notice of the entry of judgment, when the winning party is not prejudiced by the appeal, and when the losing party moves to vacate the judgment within a reasonable time after he learns of its entry." *Expeditions Unlimited Aquatic Enterprises v. Smithsonian Institute,* 500

F.2d 808, 810 (D.C.Cir.1974) (*per curiam* ). The first of these tests, on its face, is not satisfied here; it is undisputed that defendants' counsel received a copy of the order dismissing the case. Appellant makes a convoluted claim that this court should construe the phrase "neither party received notice" to mean "at least one party did not receive notice." This is a silly argument.

A recent opinion of this court, *Ashby Enterprises v. Weitzman, Dym & Associates,* 780 F.2d 1043 (D.C.Cir.1986), is precisely on point. In *Ashby,* Weitzman did not receive notice of the district court's judgment at the time it was issued. When Weitzman later learned of the court's ruling, it moved the court to vacate and re-enter its judgment in order to restart the time period for filing a notice of appeal. The court granted the motion, and Weitzman filed a notice of appeal. This court held that under *Expeditions Unlimited,* the district court could not restart the period for filing a notice of appeal because one of the parties (appellee) had received notice. *Ashby* conclusively disposes of Polylok's effort to argue that the deprivation of notice to appellant entitles it to relief. Polylok simply failed to heed the language of the Advisory Committee: "It would, therefore, be entirely unsafe for a party to rely on absence of notice from the clerk of the entry of a judgment." Advisory Committee Notes to 1946 Amendment, Fed.R.App.P. 77.

Polylok also invites the court to modify the law of this circuit to provide escape from its predicament. We decline the invitation to amend the criteria for relief set forth in *Expeditions Unlimited* through an *en banc* proceeding, and note that any alteration would not necessarily work to appellant's benefit. *See Ashby,* 780 F.2d at 1047–48 n. 5 ("[I]n a case that directly presents the question this court might well overturn the *Expeditions Unlimited* exception.").

The interaction of Appellate Rule 4's strict requirements for timely appeals and Civil Rule 77's warning that lack of notice does not extend the time for filing an appeal requires us to dismiss Polylok's appeal as untimely. We recognize that these rules together may produce harsh results in cases where the losing party, through no fault of its own, simply does not receive notice of the judgment until the time for filing an appeal has expired. We also acknowledge that the problems occasioned by non-receipt of notice cannot be eliminated simply by charging litigants to follow the progress of pending cases more carefully. If the party does not receive proper notice, it is no easy matter to find out that the case under submission has been decided. Reading the local legal newspaper, for example, is insufficient in jurisdictions where the newspaper does not provide a complete, daily listing of all dispositive orders or judgments entered in district court cases. Nor can this court cavalierly require the parties to make inquiries with the clerk's office every twenty-nine days, so that the losing party may file a timely notice of appeal from even those dispositive orders that were entered immediately after the party's previous inquiry. Such an order would impose an onerous task upon litigants to make periodic inquiries of the clerk's office in every court in which they have a case under submission, and would unduly burden the clerk's offices.

■ Any relief for appellants in Polylok's situation must come through an amendment of the Rules of Appellate Procedure. The rules may be amended directly by Congress or upon the initiative of the Supreme Court under authority granted by Congress. Congress has provided that the Supreme Court "shall have the power to prescribe by general rules ... the practice and procedure of the district courts and courts of appeals of the United States in civil actions." 28 U.S.C. § 2072 (1982). A revised Appellate Rule 4 could allow appeals to be filed out of the normal time where an appellant demonstrates that it did not receive notice of the order, that it exercised due diligence in seeking relief once it learned of the adverse judgment, and that the other party would not suffer prejudice by a grant of relief to appellant. This revision would eliminate the possible inequities without penalizing appellees who relied on the deadlines to their detriment. In

any event, crafting proposed amendments to the appellate rules is a task squarely within the province of the Supreme Court and the Congress.

## IV. CONCLUSION

The Federal Rules of Appellate Procedure impose strict requirements for the timely filing of appeals. Recognizing that these requirements may lead to harsh results when the would-be appellant does not receive notice of the district court's entry of judgment, this court attempted in *Expeditions Unlimited* to delineate the outer limits of judicial relief from these rules. Whatever the ameliorative impact of *Expeditions Unlimited,* we decline to extend it to subvert the plain words and meaning of the federal rules. This court has never had the authority to revamp these rules.

Polylok's appeal of the district court's dismissal of its case is therefore dismissed as untimely. In light of this disposition, we dismiss the defendants' cross-appeal of the district court's *vacatur* and re-entry of its original judgment as moot.

*It is so ordered.*