# United States Court of Appeals

**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

---

Argued September 16, 2009     Decided October 23, 2009
Reissued October 22, 2010

No. 07-5411

IN RE: SEALED CASE (*BOWLES*)

*Stephen L. Snyder* argued the cause for appellant. On the briefs was *Frederick D. Cooke, Jr.*

*Kathleen V. Gunning* argued the cause for appellee. With her on the brief were *Colleen J. Boles* and *Lawrence H. Richmond*.

Before: ROGERS and KAVANAUGH, *Circuit Judges*, and WILLIAMS, *Senior Circuit Judge*

Opinion for the Court by *Circuit Judge* ROGERS.

ROGERS, *Circuit Judge*: In *Bowles v. Russell*, 551 U.S. 205 (2007), the Supreme Court held that 28 U.S.C. § 2107,[1] as

---

[1] 28 U.S.C. § 2107 provides:

**(a)** Except as otherwise provided in this section, no appeal shall bring any judgment, order or decree in an action, suit or proceeding of a civil nature before a court of appeals for review unless notice of appeal is filed, within thirty days after the entry of such judgment, order or decree.

**(b)** In any such action, suit or proceeding in which the United States or an officer or agency thereof is a party, the time as to

carried into practice by Appellate Rule 4(a)(6),[2] is jurisdictional

all parties shall be sixty days from such entry.

**(c)** The district court may, upon motion filed not later than 30 days after the expiration of the time otherwise set for bringing appeal, extend the time for appeal upon a showing of excusable neglect or good cause. In addition, if the district court finds--

> **(1)** that a party entitled to notice of the entry of a judgment or order did not receive such notice from the clerk or any party within 21 days of its entry, and **(2)** that no party would be prejudiced,

the district court may, upon motion filed within 180 days after entry of the judgment or order or within 7 days after receipt of such notice, whichever is earlier, reopen the time for appeal for a period of 14 days from the date of entry of the order reopening the time for appeal.

**(d)** This section shall not apply to bankruptcy matters or other proceedings under Title 11.

[2] Appellate Rule 4(a)(6) provides:

**(6) Reopening the Time to File an Appeal.** The district court may reopen the time to file an appeal for a period of 14 days after the date when its order to reopen is entered, but only if all the following conditions are satisfied:

> **(A)** the court finds that the moving party did not receive notice under Federal Rule of Civil Procedure 77(d) of the entry of the judgment or order sought to be appealed within 21 days after entry;

> **(B)** the motion is filed within 180 days after the

and that courts lack power to create equitable exceptions. The question presented in this appeal is whether Federal Rule of Civil Procedure 60(b) remains available to circumvent the 180-day deadline in the appellate rule for reopening the time to file an appeal. Appellant maintains there are unique circumstances explaining its failure to note a timely appeal: (1) the usual means of obtaining notice about the status of its case were unavailable because the case was sealed; (2) appellant's counsel was diligent in attempting to discover the status of the case, by filing a written inquiry about pending motions and making oral inquiries of the Clerk of the Court; and (3) neither party obtained notice of the dismissal of the case until after the 180-day deadline in Appellate Rule 4(a)(6) had passed. Reading *Bowles* narrowly, appellant contends that because the time limits in Rule 60(b) are not jurisdictional, the unique circumstances exception applies

---

> judgment or order is entered or within 7 days after the moving party receives notice under Federal Rule of Civil Procedure 77(d) of the entry, whichever is earlier; and
>
> **(C)** the court finds that no party would be prejudiced.

Federal Rule of Civil Procedure 77(d) provides:

> **(1) *Service.*** Immediately after entering an order or judgment, the clerk must serve notice of the entry, as provided in Rule 5(b), on each party who is not in default for failing to appear. The clerk must record the service on the docket. A party also may serve notice of the entry as provided in Rule 5(b).
>
> **(2) *Time to Appeal Not Affected by Lack of Notice.*** Lack of notice of the entry does not affect the time for appeal or relieve--or authorize the court to relieve--a party for failing to appeal within the time allowed, except as allowed by Federal Rule of Appellate Procedure (4)(a).

and the district court therefore abused its discretion in denying relief pursuant to Rule 60(b).  The holding in *Bowles*, however, is broadly stated and appellant's view that the district court retained power to recognize an equitable exception to the 180-day deadline rests on precedent expressly overturned by *Bowles*.  Moreover, concluding that Rule 60(b) is unavailable to allow appellant to file a timely appeal is in accord with the majority of circuits holding that with the 1991 amendment adding subsection (6), Appellate 4(a)(6) became the exclusive means of reopening the time to appeal.  Accordingly, we affirm.

In affirming we are cognizant of the unfairness of denying relief to appellant in this sealed case where none of the usual means of learning the status of its case were available and, as the parties agree and we will assume, appellant made diligent efforts through counsel to discover the status of its case.  A sealed case generally presents special circumstances.  Neither the federal rules of civil procedure nor the district court's local rules specifically address how parties shall be notified in sealed cases.  Not only is there no public docket in a sealed case, but the parties and their counsel also may not be able to access the sealed docket or receive electronic notification.  The ad hoc procedures in appellant's case were inadequate to ensure notice.  The sealed docket stated electronic notice would not be given and listed participants to be notified by other means.  No other means were employed.  Although counsel for the parties were also listed on page 1 of the sealed docket as "ATTORNEY[S] TO BE NOTICED," neither parties' counsel received notice of the October 26, 2006 dismissal of the case.  These circumstances explaining the parties' failure to receive timely notice of the dismissal of the case are unique, not to be found in precedent addressing reopening of the time to appeal.  This may be because the district court and the parties have made special arrangements for receiving notice in other sealed cases and those arrangements have worked.  When they do not, through no fault

of the parties and despite the best efforts of the parties to obtain information about the status of the proceedings, the civil justice system has failed in light of the implicit assumption underlying the federal rule on notice, FED. R. CIV. P. 77(d), that parties will have an easy way to determine the status of their case. The purpose of the civil rules set forth in Rule 1 contemplates a just as well as speedy resolution of disputes. FED. R. CIV. P. 1. Given the mandatory 180-day deadline for reopening the time to file appeals in civil cases, it would be appropriate in light of *Bowles* for the district court to adopt procedures to ensure that parties and their counsel, if any, in sealed cases receive prompt notice of final orders and judgments.

## I.

On May 11, 2005 appellant filed an application under the Federal Arbitration Act, 9 U.S.C. § 10, to vacate an arbitration award rejecting its claim to additional attorneys fees under a written contingency fee agreement with the Federal Deposit Insurance Corporation ("FDIC") in connection with recovering the subrogated claims of a failed bank against an accounting firm. The FDIC moved on June 14, 2005 to seal its pleadings because matters in the arbitration were confidential, and also moved on June 21, 2005 to dismiss the application to vacate. Appellant filed an opposition on July 7, 2005, and the FDIC filed a reply on July 25, 2005. On August 22, 2005 appellant filed a motion for a hearing on its application to vacate the arbitration award and a supplemental memorandum on its application. Appellant also filed on August 29, 2005 a request for the district court to take judicial notice of a district court opinion decided August 23, 2005 in a different case involving the FDIC. The FDIC filed an opposition to that request on September 9, 2005, and appellant filed a reply on September 19, 2005.

Meanwhile, on June 21, 2005, the district court sealed the case upon joint consent motion of the parties. Thereafter neither the district court's sealed docket nor electronic notification were available to inform the parties of the status of pending and later filed motions. As it turns out, despite the filing by appellant's counsel of a Notice of Inquiry on February 28, 2007, shortly after new counsel entered his appearance, inquiring about the pending motions, the parties represent that neither party or their counsel received notice of the district court's October 26, 2006 dismissal of the case until May 30, 2007. *See* Appellant's Br. 7–9, 15–16; Appellee's Br. 5 n.5, 13. On May 30, upon a call to the district court judge's chambers, a law clerk advised appellant's counsel of the dismissal on the merits.

Appellant moved on June 8, 2007, within 7 days of receiving notice of the dismissal, to reopen the time to appeal pursuant to Appellate Rule 4(a)(6). The district court denied the motion as untimely on July 26, 2007. Appellant also moved on August 31, 2007 for relief from the judgment or order of dismissal pursuant to Rule 60(b). The motion recounted, among other things, the events leading to appellant's late notice of the dismissal of its case and its late motion to reopen pursuant to Appellate Rule 4(a)(6), and requested either a status conference or the grant of its pending motion to reopen the time to appeal. The FDIC filed an opposition on September 12, 2007, citing *Bowles.* The district court summarily denied the Rule 60(b) motion on November 26, 2007. Appellant filed a notice of appeal on December 18, 2007.

## II.

Pursuant to Rule 60(b)(6), a party may seek relief from a judgment or order for "any other reason that justifies relief," FED. R. CIV. P. 60, upon a showing of "extraordinary

circumstances," *Kramer v. Gates*, 481 F.3d 788, 791 (D.C. Cir. 2007) (quoting *Ackermann v. United States*, 340 U.S. 193, 199 (1950)).  The unique circumstances doctrine recognized in *Harris Truck Lines, Inc. v. Cherry Meat Packers, Inc.*, 371 U.S. 215 (1962), and *Thompson v. INS*, 375 U.S. 384 (1964), arose in view of the inequity of foreclosing appeals by parties whose failure to file timely notices of appeal results from reliance on the court.[3]  As later clarified in *Osterneck v. Ernst & Whinney*, 489 U.S. 169 (1989), the doctrine applied only where a party performed an act, which if properly done, would postpone the filing deadline and had received specific assurance by a judicial officer that the act has properly been done.  When the doctrine originated, the Federal Rules of Civil and Appellate Procedure did not contain a more specific avenue of relief.  It was not until 1991 that the Rules were amended to add subsection (6) to Appellate Rule 4(a), setting forth a 180-day extension of the time to reopen the time to file an appeal when "the moving party did not receive notice under Federal Rule of Civil Procedure 77(d)." *See* 16A Charles Alan Wright & Arthur R. Miller, FEDERAL PRACTICE AND PROCEDURE §§ 3950.3, 3950.6 (4th ed. 2008) ("16A Wright & Miller").

In *Bowles*, a prisoner filed a motion pursuant to Appellate Rule 4(a)(6) to reopen the time to appeal the denial of his petition for a writ of habeas corpus.  551 U.S. at 207.  The district court judge granted the motion and extended the

---

[3] *Harris Truck* and *Thompson* concern "unique circumstances" relating to time limits in Federal Rule of Civil Procedure 73. In 1968, Rule 73 was "abrogated" and "[m]ost of the provisions of Rule 73 now appear in substance in Appellate Rules 3, 4, 7, 8, and 12." 12 Charles Alan Wright & Arthur R. Miller, FEDERAL PRACTICE AND PROCEDURE § 3062 (2d ed. 1997).  Courts, including this one, applied similar reasoning to Rule 60(b)(6) motions. *See, e.g.*, *Polylok Corp. v. Manning*, 793 F.2d 1318 (D.C. Cir. 1986).

deadline by 17 days rather than the 14 days allowed by the rule and the statute that tracks the rule, 28 U.S.C. § 2107(c). *Id.* Bowles relied on the judge's ruling and filed his motion 16 days after the order. *Id.* The Supreme Court held that § 2107, as carried into practice by Appellate Rule 4(a)(6), was a jurisdictional grant and limitation, and the court of appeals could not hear Bowles' appeal regardless of the circumstances. *Id.* at 213. Of significance here, the Supreme Court also stated:

> Today we make clear that the timely filing of a notice of appeal in a civil case is a jurisdictional requirement. Because this Court has no authority to create equitable exceptions to jurisdictional requirements, use of the "unique circumstances" doctrine is illegitimate.

*Id.* at 214. The Court proceeded to "overrule *Harris Truck Lines*[*, Inc. v. Cherry Meat Packers, Inc.*, 371 U.S. 215 (1962)] and *Thompson* [*v. INS*, 375 U.S. 384 (1964)] to the extent they purport to authorize an exception to a jurisdictional rule." *Id.*

Read as narrowly as possible, *Bowles* did not reach the issue of when "unique circumstances" might apply on a motion pursuant to Rule 60(b). To support its application, appellant depicts Rule 60(b) as a "court promulgated rule," in which time limitations are not jurisdictional because it is a "claim-processing" rather than statutory rule. Appellant's Br. 14, 17. Because Rule 60(b)'s time requirements are not jurisdictional and may be extended for good cause, appellant suggests that the *Harris Truck* line of cases overruled in *Bowles* with respect to an Appellate Rule 4(a)(6) motion nonetheless still applies to Rule 60(b) motions.

Although the Supreme Court has acknowledged "the jurisdictional distinction between court-promulgated rules and limits enacted by Congress," *Bowles*, 551 U.S. at 211–212, the

Court has never held that a party could use a court-promulgated rule to circumvent the jurisdictional bar on limits for reopening the time to appeal enacted by Congress. The effect of appellant's requested relief — that a court could vacate and reinstate a judgment pursuant to Rule 60(b) because of "unique circumstances" in order to allow a party to appeal where Appellate Rule 4(a)(6) would otherwise withhold appellate jurisdiction — would create precisely this scenario. The Supreme Court has read Congress' codification of Appellate Rule 4(a)(6)'s reopening provisions as a jurisdictional limitation, and taken that limitation very seriously. In so doing, *Bowles* changed the legal landscape for Rule 60(b) motions. The Court spoke in unequivocal and uncompromising terms in stating that courts lacked power to carve out equitable exceptions to jurisdictional statutory requirements. 551 U.S. at 212 n.4, 213–14. It noted the deadline applied even where life itself was at stake. *Id.* 212 n.4. While not referring specifically to Rule 60(b), the Court overruled its precedent on which lower courts had relied in creating equitable exceptions to time limits. *Id.* at 213–14. Hence it would be difficult to imagine that the Court would not also view the use of Rule 60(b) to circumvent the deadline in Appellate Rule 4(a)(6) as "illegitimate," *id.* at 214. The Court's acknowledgment, then, of a distinction between the jurisdictional statutory requirements of Appellate Rule 4(a)(6) and claim processing rules adopted by the courts, *id.* at 210–13, cannot reasonably be read to entertain Rule 60(b) circumstances as overriding the deadline in Appellate Rule 4(a)(6).

Reading *Bowles* as foreclosing Rule 60(b) as an alternative to Appellate Rule 4(a)(6) accords with the prior holding of the majority of the circuits that the 1991 amendment adding subsection (6) to the appellate rule was the exclusive means to reopen the time to appeal because of lack of notice. These circuits reasoned that using Rule 60(b) to circumvent the 180-

day deadline in Appellate Rule 4(a)(6) would frustrate the clear purpose in promoting finality through prohibiting such appeals. *See e.g.*, *Vencor Hospitals, Inc. v. Standard Life & Accident Ins. Co.,* 279 F.3d 1306, 1310–11 (11th Cir. 2002); *Clark v. Lavallie*, 204 F.3d 1038, 1040–41 (10th Cir. 2000); *In re Stein*, 197 F.3d 421, 425–26 (9th Cir. 1999); *Zimmer St. Louis, Inc. v. Zimmer Co.,* 32 F.3d 357, 360 (8th Cir. 1994). The courts relied on both the plain text of Appellate Rule 4(a)(6) and the 1991 advisory committee notes describing the amended rule as providing that "[r]eopening may be ordered only upon a motion filed within 180 days of the entry of a judgment or order or within 7 days of receipt of notice of such entry, whichever is earlier," FED R. APP. P. 4 advisory committee notes to 1991 amendments. Thus, in *Vencor* the Eleventh Circuit concluded that "[a]s with the language of the amendment itself, the advisory committee's notes evidence an intent to provide an exclusive, limited opportunity for relief when a party fails to receive notice of the entry of a judgment or order." 279 F.3d at 1310–11. The Eighth Circuit adopted similar reasoning, quoting the advisory committee notes that subsection (6) "establishes an *outer* time limit" of 180 days for noting an appeal. *Zimmer,* 32 F.3d at 360 (emphasis in original). One circuit, without referencing the 1991 amendments, took a contrary path, *see Lawrence v. Int'l Bhd. of Teamsters, Chauffeurs, Warehousemen, and Helpers of Am.*, 320 F.3d 590 (6th Cir. 2003); *Lewis v. Alexander*, 987 F.2d 392 (6th Cir. 1993), but it has also acknowledged in holding that Appellate Rule 4(a)(6) was jurisdictional that "[t]he Appellate Rules underscore the exclusivity of the 4(a)(6) remedy," *Bowles v. Russell*, 432 F.3d 668, 672 (6th Cir. 2005). *See* 16A Wright & Miller §§ 3950.3 & .6.

Notably, even before *Bowles* and the 1991 amendment to Appellate Court Rule 4(a)(6), the circumstances appellant recounts might not have entitled it to relief pursuant to Rule 60(b)(6). In *Expeditions Unlimited Aquatic Enterprises, Inc. v.*

*Smithsonian Institute*, 500 F.2d 808 (D.C. Cir. 1974), this court adopted a narrow exception to the then existing time limit for noting an appeal: the district court may vacate and re-enter a judgment pursuant to Rule 60(b) when (1) "neither party had actual notice of the entry of judgment," (2) "the winning party is not prejudiced by the appeal," and (3) "the losing party moves to vacate the judgment within a reasonable time after he learns of its entry." *Id.* at 810. *See Polylok Corp.*, 793 F.2d at 1320; *Ashby Enterprises, Ltd. v. Weitzman*, Dym & Assocs., 780 F.2d 1043 (D.C. Cir. 1986). Other circuits also carved out equitable exceptions to the time to appeal pursuant to Rule 60(b), although most required both lack of notice and diligence by counsel. *See, e.g.*, *Wilson v. Atwood Group*, 725 F.2d 255, 258 (5th Cir., 1984) (en banc) (citing *Mizell v. Att'y Gen. of the State of New York*, 586 F.2d 942, 944–45 n.2 (2d Cir. 1978), *cert. denied*, 440 U.S. 967 (1979)). However, since *Osterneck*, 489 U.S. 169, this court has required a showing of reliance on "some affirmative assurance which, if proper, would have extended or postponed the deadline for filing the notice of appeal," and that the assurance was based upon "official judicial action," which does not include statements from the Clerk of the Court's office. *Moore v. South Carolina Labor Bd.*, 100 F.3d 162, 164 (D.C. Cir. 1996). Appellant points to its filing of a Notice of Inquiry, to which it states it received no response, and to claims it received assurances from the Clerk of the Court that the district court judge had not issued any order regarding that inquiry or with respect to the pending motions, Appellant's Br. at 7, 15. But the district court's silence in response to inquiries does not constitute an "affirmative assurance," *see Moore*, 100 F.3d at 164, and the assurances from the Clerk of the Court, no matter how affirmative, do not constitute "official judicial action," *Williams v. Washington Convention Ctr. Auth.*, 481 F.3d 856, 859 (D.C. Cir. 2007).

What makes this case unique is that it is a sealed case. The usual mechanisms under the federal rules of civil procedure for the parties and their counsel to obtain information about the status of court proceedings were unavailable. Although providing for notice by the clerk pursuant to Civil Rule 77(d), the rules do not specifically address how parties shall receive notice of judgments or orders in sealed cases. Neither do the district court's local rules. The ad hoc procedure for notice described in the sealed docket in this case proved inadequate. Although the sealed docket stated "[t]he following participants should be noticed by other means," the parties advise that no "other means" were employed and they did not learn of the October 26, 2006 judgment and order dismissing the case until after the 180-day deadline had passed. Under the circumstances, appellant was not in a position to make a timely "'free, calculated, deliberate' choice not to appeal." *Expeditions Unlimited*, 500 F.2d at 809 (quoting *Ackermann*, 340 U.S. at 198). Had the arbitrator ruled in appellant's favor, and awarded it the millions of dollars in attorneys' fees that it claimed it was entitled to under the contingency fee agreement, the FDIC likewise would have been barred from challenging the district court's affirmance of the award had it learned of the district court's dismissal of its case only after the 180-day deadline for appealing.

A system of procedural rules employing temporal deadlines implicitly assumes there will be an easy way for the parties to learn the status of their case. The reference to Civil Rule 77(d) in the 1991 amendment adding subsection (6) to the appellate rule evidences such an assumption with regard to noting an appeal as does the requirement for diligence by counsel. *See, e.g.*, *Fox v. American Airlines, Inc.* 389 F.3d 1291, 1296 (D.C. Cir. 2004); *Wilson*, 725 F.2d at 258 (citing *Mizell*, 586 F.2d at 944–45). Rule 1 of the Federal Rules of Civil Procedure provides: "These rules govern the procedure in all civil actions

and proceedings in the United States district courts. . . . They should be construed and administered to secure the just, speedy, and inexpensive determination of every action and proceeding." FED. R. CIV. P. 1; see FED. R. APP. P. 1(a)(2). Under the circumstances confronting appellant — (1) the usual means provided pursuant to the federal civil rules for notifying the parties of the status of the case were unavailable in this sealed case; (2) appellant's counsel was, the parties agree and we will assume, diligent in attempting to discover the status of the case; and (3) neither party received notice of the dismissal of appellant's case until after the 180-day deadline — the rules failed to accomplish their just purpose. As this court observed long ago, "[i]f the parties do not know of the entry of judgment, the winning party cannot rely on the judgment and the losing party cannot make a 'free, calculated, deliberate' choice not to appeal." *Expeditions Unlimited*, 500 F.2d at 809 (quoting *Ackermann*, 340 U.S. at 198). "In these circumstances the purposes behind Rule 77(d) would not be served by denying the losing party the privilege of appealing and, in our view, justice demands that the losing party be given that opportunity." *Id*. So too here. Because a sealed case raises different concerns about notice to the parties and reliance on ad hoc procedures based on a listing in the district court's sealed docket of the participants to be notified "by other means" has proven inadequate, it would be appropriate in light of *Bowles* for the district court to adopt procedures to ensure parties to sealed cases shall obtain timely notice of orders and judgments.

Accordingly, we hold in light of *Bowles* that the district court lacks power to adopt a unique circumstances exception pursuant to Rule 60(b) to circumvent the 180-day deadline of

Appellate Rule 4(a)(6), and because appellant's other challenge to the denial of its Rule 60(b) motion lacks merit,[4] we affirm.

---

[4] Appellant's contention that the district court erred by not taking judicial notice of a recent district court opinion sanctioning the FDIC attorney in the arbitration proceedings lacks merit. Appellant's allegations of fraud do not meet the high threshold for showing a fraud on the court. *See Baltia Air Lines, Inc. v. Transaction Mgmt., Inc.*, 98 F.3d 640, 642–43 (D.C. Cir. 1996). Rather the district court denied appellant's request to take judicial notice, "in its discretion," because the other case "pertains to matters that are outside the scope of this court's limited review of an arbitration award." Mem. Op. at 10 n.8 (Oct. 26, 2006). Appellant's protest that it was denied an opportunity to demonstrate fraud by the FDIC in securing the arbitration award is belied by the record. Appellant's Rule 60(b) motion stated it was filed "to bring to the [district court's] attention a more accurate statement of the reasons that [it] should take judicial notice" of the other district court case. Having acknowledged its own earlier failure to articulate the reasons for judicial notice, appellant cannot use Rule 60(b) to avoid its strategic choice. *See Good Luck Nursing Home, Inc. v. Harris*, 636 F.2d 572, 577 (D.C. Cir. 1980). Explaining its earlier deficiency as a result of the rush to file before the district court ruled on the pending motions, appellant fails to explain why it could not have elaborated its reasoning in its September 19, 2005 reply to the FDIC's opposition to appellant's request for judicial notice.