# United States Court of Appeals

**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

Argued September 9, 2013          Decided November 5, 2013

No. 12-5314

FADHEL HUSSEIN SALEH HENTIF, DETAINEE
AND HAYKAL MOHAMMED SALEH HENTIF,
AS NEXT FRIEND OF FADHEL HUSSEIN SALEH HENTIF,
APPELLANTS

v.

BARACK OBAMA, PRESIDENT OF THE UNITED STATES, ET AL.,
APPELLEES

Appeal from the United States District Court
for the District of Columbia
(No. 1:06-cv-01766)

*Brent Nelson Rushforth* argued the cause for appellants. With him on the briefs were *M. Alexander Bowie II*, *David Muraskin*, and *Robert L. Palmer*.

*Laura G. Ferguson*, *Timothy P. O'Toole*, and *Mia P. Haessly* were on the brief for *amicus curiae* National Association of Criminal Defense Lawyers in support of appellants.

*Anne Murphy*, Attorney, U.S. Department of Justice, argued the cause for appellees. With her on the brief were *Stuart F.*

*Delery*, Acting Assistant Attorney General, *Ronald C. Machen Jr.*, U.S. Attorney, and *Matthew M. Collette*, Attorney.

Before: ROGERS and TATEL, *Circuit Judges*, and SILBERMAN, *Senior Circuit Judge*.

Opinion for the Court by *Circuit Judge* ROGERS.

ROGERS, *Circuit Judge*:  Under 28 U.S.C. § 2107, an appeal must be filed "within [sixty] days after the entry of such judgment, order or decree" to be appealed where the United States is a party. *Id.* § 2107(a) & (b)(1).  The requirement of a timely notice of appeal under § 2107 is jurisdictional. *Bowles v. Russell*, 551 U.S. 205, 209 (2007).  The question before the court is whether "the entry" of the relevant order under § 2107 occurred when the district court clerk's office posted on its docket a notice that the district court had issued a classified memorandum and order denying a motion for reconsideration of the denial of a petition for a writ of habeas corpus and that a redacted version would be posted when it became available, *or* when the redacted opinion and order were subsequently posted on the docket.  If the former was "the entry," then the notice of appeal was untimely because it was filed more than sixty days after the entry that the district court had issued its classified memorandum and order.  If the latter, then the appeal is timely.

Although classified decisions and orders present special considerations in determining whether a party has adequate information to make an intelligent decision whether to appeal, *cf. Roe v. Flores-Ortega*, 528 U.S. 470, 479 (2000), that problem can be avoided by the filing of a protective notice of appeal.  We conclude that the first posting qualifies as an "entry" under § 2107.  Consequently, because the notice of appeal was untimely filed, this court lacks jurisdiction and Hentif's appeal must be dismissed.

**I.**

Fadhel Hussein Saleh Hentif is a Yemeni citizen who has been detained at the Naval Base at Guantanamo Bay since 2002.  He is on

the list of detainees approved for transfer. At all times relevant to this appeal, Hentif was represented by counsel who filed pleadings on his behalf and who had security clearances to view classified materials (i.e., they were "cleared counsel"). *See* Appellant's Br. 9–10; Appellee's Br. 5–6.

In 2006, Hentif filed a petition for a writ of habeas corpus. The district court denied the petition, and on August 1, 2011, the district court clerk's office posted on the docket a "NOTICE OF FILING" of the memorandum opinion denying the habeas petition. *Hentif v. Gates, et al.*, 1:06-cv-01766, Docket # 279. A hyperlink led to a "NOTICE OF FILING" that the classified opinion had been filed with the Court Security Office and that "[t]he Court will enter an unclassified version . . . on the docket as soon as it becomes available." On August 29, 2011, Hentif filed a classified motion for reconsideration pursuant to Federal Rule of Civil Procedure 59(e) on the ground of newly discovered evidence; a docket posting of August 30, 2011 gave "NOTICE of Classified Filing Regarding Petitioners Motion for Reconsideration." Docket # 280. A posting of September 15, 2011 (with a hyperlink) stated: "Unclassified version of the MEMORANDUM OPINION denying the petition for a writ of habeas corpus." Docket # 281.

On July 27, 2012, the district court clerk's office posted a "NOTICE" on the docket (without a docket number or hyperlink) stating that "the Court on July 26, 2012 issued a classified memorandum and order denying . . . Hentif[]'s motion for reconsideration. The Court will post an unclassified version to the docket when it becomes available." On August 10, 2012, the docket posting (with a hyperlink) states: "REDACTED MEMORANDUM AND ORDER denying petitioner's Motion [] for Reconsideration." Docket # 290.

On October 8, 2012, Hentif filed a notice of appeal to this court of the denials of his habeas petition and his motion for reconsideration. Docket # 292. Hentif's notice of appeal was filed fifty-nine days after the August 10 posting but more than sixty days after the July 27 posting. The government has waived any objection to procedural defects to the extent they are not jurisdictional. *See*

Appellee's Br. 9. Although requirements that appear only in procedural rules are not jurisdictional and therefore subject to waiver, *see, e.g., Obaydullah v. Obama*, 688 F.3d 784, 789 (D.C. Cir. 2012), "entry" is a requirement in the statute marking the beginning of the jurisdictional sixty-day period in § 2107(b). Therefore no party may waive it. *Cf. Bowles*, 551 U.S. at 211–13.

## II.

Whether this court has jurisdiction over Hentif's appeal depends on which docket posting — that on July 27, 2012 *or* that on August 10, 2012 — triggered the running of the sixty-day period under 28 U.S.C. § 2107(a) & (b)(1). Deciding which posting was the "entry" under § 2107 presents a question of statutory interpretation. The court's interpretation naturally begins with the statutory text and the presumption that Congress has employed the ordinary meaning of the words it used unless there are reasons to indicate it intended another meaning. *See, e.g.*, *Engine Mfrs. Ass'n v. S. Coast Air Quality Mgmt. Dist.*, 541 U.S. 246, 252 (2004). The ordinary meaning of "entry" is the "[a]ct of making or entering a record." WEBSTER'S NEW INTERNATIONAL DICTIONARY (2d ed. 1942). The definitions of "entry" in BLACK'S LAW DICTIONARY (9th ed. 2009) and MERRIAM-WEBSTER'S COLLEGIATE DICTIONARY (10th ed. 1993) are to the same effect. BLACK'S defines "entry" as "[t]he placement of something before the court or on the record." Words, however, are to be considered in their context, *see*, *e.g.*, *King v. St. Vincent's Hosp.*, 502 U.S. 215, 221 (1991), and here the context is defined by the rules of procedure.

Pursuant to the Rules Enabling Act, 28 U.S.C. § 2072-2074 (2006), Congress authorized the Supreme Court to "prescribe general rules of practice and procedure and rules of evidence," *id.* § 2072(a), for the federal courts so long as those rules do not "abridge, enlarge, or modify any substantive right." *Id.* § 2072(b). A rule of procedure, "if within the power delegated to [the Supreme Court], has the force of a federal statute." *Sibbach v. Wilson & Co.*, 312 U.S. 1, 13 (1941); *accord U.S. v. Brown*, 483 F.2d 1314, 1316 (D.C. Cir. 1973). More particularly, this court has explained that the rules promulgated by the Supreme Court and left undisturbed by Congress have the force "not

of a legislative enactment, but of a regulation pursuant to the Act" because they are void if in excess of the authority granted under the Act. *Walko Corp. v. Burger Chef Sys., Inc.*, 554 F.2d 1165, 1168 n.29 (D.C. Cir. 1977). Where rules fall within the scope of the Act, subject to its limitations, they have the force of law, and the court is not free to ignore their interpretation of a jurisdictional requirement. *See In re Sealed Case (Bowles)*, 624 F.3d 482, 486 (D.C. Cir. 2010); *Baker v. United States*, 670 F.3d 448, 457–58 (3d Cir. 2012).

Two rules are relevant to Hentif's case in determining the meaning of "entry" under § 2107, and neither we nor the parties suggest that either rule exceeds the scope of the Rules Enabling Act. Federal Rule of Appellate Procedure 4 provides, in relevant part, that "[t]he notice of appeal may be filed by any party within 60 days after entry of the judgment or order appealed from if one of the parties is . . . the United States." FED. R. APP. P. 4(a)(1)(B)(i). It also provides that when a separate document is not required under Federal Rule of Civil Procedure 58(a), "[a] judgment or order is entered for purposes of this Rule 4(a) . . . when the judgment or order is entered in the civil docket under Federal Rule of Civil Procedure 79(a)." FED. R. APP. P. 4(a)(7)(A)(i). A motion to reconsider pursuant to Rule 59 does not require a separate document, *see* FED. R. CIV. P. 58(a)(4).

Rule 79(a)(3) defines the "Contents of Entries":

> Each entry must briefly show the nature of the paper filed or writ issued, the substance of each proof of service or other return, and the substance and date of entry of each order and judgment. When a jury trial has been properly demanded or ordered, the clerk must enter the word "jury" in the docket.

The July 27, 2012 posting, on its face, appears to satisfy each of these requirements. The posting indicated the nature of the paper filed, a classified memorandum and order, and the substance and date of the order, that the district court had denied the motion for reconsideration on July 26, 2012. It stated the date of entry: July 27, 2012. It also

appears to meet other requirements of Rule 79(a).[1] Hentif's case was assigned a case file number that was noted on the first page of the docket and in the attachment to the first entry, the "PETITION for Writ of Habeas Corpus," and the memorandum and order denying reconsideration was marked with that file number. Notice of issuance of the classified memorandum and order denying reconsideration was posted chronologically in the docket.

Hentif's contentions that the posting of July 27 was inadequate or too incomplete to constitute "the entry" under § 2107 are unpersuasive. Viewed simply as a matter of the plain meaning (i.e., the "definitional possibilities") of "entry," the July 27 posting made a record of what had happened in the district court to his motion for reconsideration. Viewed in the context of the rules of procedure, the

---

[1] Rule 79(a)(1) & (2) provides:

(a) Civil Docket.
> (1) *In General.* The clerk must keep a record known as the "civil docket" in the form and manner prescribed by the Director of the Administrative Office of the United States Courts with the approval of the Judicial Conference of the United States. The clerk must enter each civil action in the docket. Actions must be assigned consecutive file numbers, which must be noted in the docket where the first entry of the action is made.

> (2) *Items to be Entered.* The following items must be marked with the file number and entered chronologically in the docket:
>> (A) papers filed with the clerk;
>> (B) process issued, and proofs of service or other returns showing execution; and
>> (C) appearances, orders, verdicts, and judgments.

July 27 posting notified him of the district court's issuance of the classified memorandum and order denying his motion and of the entry date.

Hentif nonetheless maintains that the caption and capitalization of the "NOTICE" in the July 27 posting did not convey that it was an entry of an order. He relies principally on two Rule 58 cases where the caption was relevant to whether a separate order had been entered. In the first, *United States v. Johnson*, 254 F.3d 279 (D.C. Cir. 2001), the court held that the separate document requirement was not met where the posting referred to a single "Memorandum and Order" and there was "no separate entry for an 'Order.'" *Id.* at 286. The caption was relevant in *Johnson* because it confirmed that one joint document, not two separate documents, had been posted on the docket. By contrast, the July 27 caption refers to a "NOTICE that the Court . . . issued a classified memorandum and order denying" Hentif's motion, which indicates that the relevant document (since the separate document requirement did not apply to Hentif's Rule 59 motion) for "the entry" is the "classified memorandum and order." The posting conveyed that the district court had reached its decision to deny Hentif's motion and that his cleared counsel could view the district court's reasoning in its classified form; the remaining step, redaction of the classified memorandum and order, was to be performed by the Executive Branch. *See In re Guantanamo Bay Detainee Litigation*, 577 F. Supp. 2d 143, 146 (Part I.B.9) (D.D.C. 2008). In the meantime, cleared counsel could read the classified memorandum and order at a secured site near the courthouse. *See* Appellee's Br. 5–6. In this regard there is no difference between the July 27, 2012 "NOTICE" of issuance and the August 1, 2011 "NOTICE OF FILING" of the classified memorandum opinion denying Hentif's habeas petition, which Hentif timely moved to reconsider before the redacted opinion became available. In the second case, *Hollywood v. City of Santa Maria*, 886 F.2d 1228, 1230–32 (9th Cir. 1989), an entry captioned as an "ORD." qualified as the entry of a separate order. Neither case addressed whether a "NOTICE" that the district court has "issued a classified memorandum and order" would qualify as the entry of an order where the separate document requirement did not apply. Even if these Rule 58 cases treated the caption as indicative of

the nature of the entry, neither court suggested that the capitalized text at the beginning of the entry is determinative in non-Rule 58 cases.

Hentif also maintains the July 27 posting was incomplete under Rule 79(b), because there was neither a docket number nor hyperlink to the classified memorandum and order indicating that the clerk's office had physical possession of it. Appellate Rule 4(a)(7) refers only to Rule 79(a) in defining "entry." Hence, the requirements of Rule 79(b) are not relevant. Even if Rule 79(b) is read to inform the interpretation of Rule 79(a), the absence of the hyperlink is a necessary accommodation of the classified nature of the memorandum and order, and its absence alone is insufficient to demonstrate the clerk of the district court failed to "keep a copy" or "mark" the memorandum and order as Rule 79(a)(2) requires. Although the September 1, 2011 notice of filing of the opinion denying Hentif's habeas petition included a hyperlink, it led only to a notice that the opinion was classified and would become available upon redaction; the July 27 posting provided the same notice without a hyperlink.

Although this court is hardly averse to construing statutes or rules to protect the right of appeal, *see St. Marks Place Hous. Co., Inc. v. U.S. Dep't of Hous. & Urban Dev.*, 610 F.3d 75, 81 (D.C. Cir. 2010), *Spann v. Colonial Village, Inc.*, 899 F.2d 24, 32 (D.C. Cir. 1990), the two postings in Hentif's case, on July 27 and August 10, are not misleading, and treating the July 27 posting as "the entry" would not result in unnecessary litigation delay. In *St. Marks Place*, 610 F.3d at 79, the posted order stated: "It is further ORDERED that this Order shall not be deemed a final Order subject to appeal until the court has issued its Memorandum Opinion." This created an obvious ambiguity about which of two orders triggered the running of the time for appeal because the text of the order first posted on the docket was inconsistent with the limitation on this court's jurisdiction under 28 U.S.C. § 1291 to "final decisions of the district courts." *Id.* at 80–81. In *Spann*, 899 F.2d at 31–32, which involved the separate document requirement of Rule 58, dismissing the appeal as premature would have needlessly delayed the litigation by requiring a return to the district court to obtain a final judgment in a separate document and refiling an appeal. Similarly, Hentif's reliance on *Allen v. Horinek*, 827 F.2d 672, 673 (10th Cir. 1987), is misplaced because a summary

on the docket of the district court's ruling from the bench was accompanied by a statement that an order would follow and held, therefore, not to start the time for appeal. Here, the July 27 posting established that a classified memorandum and order had been issued by the district court on July 26, 2012 and was available to cleared counsel the following day; it did not indicate that the district court would produce an additional document, only that the redacted version would be docketed when the Executive Branch completed its redaction of classified information.

To the extent Hentif suggests this court has latitude to read the word "entry" to shelter the right to appeal, that requirement, unlike Rule 58(a), is in the statute and this court cannot construe "entry" so narrowly as to exclude a posting that complied with the ordinary meaning of the word and Rule 79(a)(3)'s description of the content of "entries." *See In re Jones*, 670 F.3d 265, 267 (D.C. Cir. 2012). The July 27 posting informed parties without equivocation that the district court "regards the case as closed and intends that no further action be taken [by it]," and that "the time to appeal has commenced to run." *Ellender v. Schweiker*, 781 F.2d 314, 317 (2d Cir. 1986). It comported with the plain meaning of "entry" because it made a record of the relevant court document, and, consistent with Rule 79(a), that record conveyed the necessary information to Hentif to be able to decide whether to appeal.

Hentif's reliance on statements by staff in the Clerk's Office of this court also cannot affect the conclusion that the July 27 posting was "the entry" that triggered the sixty-day period. In *Bowles*, 551 U.S. at 213, the Supreme Court resolved this question in holding that it has "no authority to create equitable exceptions to jurisdictional requirements." Even before *Bowles*, this court had limited the "unique circumstances" exception to circumstances "where a party who could have filed a timely notice of appeal is lulled into missing the deadline by a formal court order or ruling." *Moore v. S. Carolina Labor Bd.*, 100 F.3d 162, 162 (D.C. Cir. 1996); the statements of clerk's office staff lack this level of formality. And unlike in *St. Marks Place*, 610 F.3d at 81, which took into account appellate counsel's reliance on language in a docketed order that "expressly den[ied] [its] own

finality," the July 27 docket posting did not "expressly deny" either its finality or that it was an "entry" for purposes of 28 U.S.C. § 2107(a).

The most concerning aspect of Hentif's objection to treating the July 27 posting as "the entry" that triggered the sixty-day period to appeal stems from the classified nature of the memorandum and order denying reconsideration. To be able to decide whether to appeal, a party would usually need to know more than that the district court has denied his motion for reconsideration. *See generally Roe v. Flores Ortega,* 528 U.S. at 489 (Souter, J., concurring in part and dissenting in part). This court noted a comparable concern in *Sealed Case (Bowles)*, 624 F.3d at 484, regarding sealed documents not entered on the district court docket, suggesting *ad hoc* procedures were inadequate to ensure timely notice of orders and judgments, *see id.* at 489. The problem is exacerbated with classified memoranda and orders if cleared counsel is not able to advise the client regarding whether an appeal is warranted because the relevant analysis is classified and counsel cannot determine until a redacted version is released what may be discussed with the client, who does not have a security clearance to examine classified materials. *See* Appellant's Br. 40–41 (citing ABA MODEL RULES OF PROF'L CONDUCT R. 1.2 & 1.4 (2012)). But that is not the situation in Hentif's case.

Even before the redacted memorandum and order denying the motion for reconsideration was released, Hentif had the necessary information to decide whether to appeal the denials of his habeas petition and his motion for reconsideration. The redacted version of the opinion denying his habeas petition was released before the district court denied his motion for reconsideration. Many of the redactions in that opinion related to names and places that did not obscure the district court's reasoning. Although several paragraphs were redacted, the district court's reasoning was nonetheless evident. From the July 27 docket posting, counsel could inform Hentif that the district court had denied reconsideration and that consequently the analysis in the redacted opinion denying his habeas petition was unchanged. The record does not indicate that Hentif was unaware, at least through counsel, of the new evidence ground for his classified motion for reconsideration, even if he did not know the details set forth in the classified material. As of July 27, counsel could also

inform Hentif that the new evidence argument had failed. Additionally, his counsel acknowledged that they could gain access to the classified memorandum and order as of July 27 at a secure location near Washington, D.C., to assess the likely success of an appeal, even if counsel could not discuss the classified memorandum and order with Hentif. *See In re Guantanamo Bay Detainee Litigation*, 577 F. Supp. 2d at 148 (Part 1.D). Under these circumstances, the July 27 posting provided Hentif with the information required by Rule 79(a), and that information was sufficient to enable him to make an intelligent decision about whether to appeal, notwithstanding his lack of access to classified information.

Hentif's counsel, in turn, could fulfill their ethical obligation to advise their uncleared client. *See* Appellant's Br. 40–41 (citing MODEL RULES R. 1.2 & 1.4). By August 10, more than thirty days before Hentif's notice of appeal was due to be filed, counsel could speak more freely with Hentif about the reasons for denial of reconsideration given the release of the redacted memorandum and order. And, as the government notes, counsel could have moved for an extension of time for good cause, which if granted would have extended the time to file an appeal by up to 30 days. *See* FED. R. APP. P. 4(a)(5)(A)-(C). Or, if counsel had been concerned prior to August 10 that the redacted memorandum and opinion denying reconsideration might not be released in time to appeal, counsel could have filed a protective notice of appeal. *See, e.g.*, *NextWave Pers. Commc'ns, Inc. v. FCC*, 254 F.3d 130, 139 (D.C. Cir. 2001).

Accordingly, we hold that the July 27 posting was "the entry" under 28 U.S.C. § 2107 that triggered the sixty-day period to file a notice of appeal, and because Hentif's notice of appeal is untimely, this court lacks jurisdiction and we must dismiss the appeal.