JULIA SMITH GIBBONS, Circuit Judge,
dissenting.
Because I believe that the majority opinion misconstrues Supreme Court precedent and misapplies the required standard of review, I respectfully dissent.
I.
With its decision in Bowles v. Russell, 551 U.S. 205, 127 S.Ct. 2360, 168 L.Ed.2d 96 (2007), the Supreme Court “changed the legal landscape for Rule 60(b) motions.” In re Sealed Case, 624 F.3d 482, 486 (D.C.Cir.2010). In doing so, the Court used unmistakably broad language: “[T]he time limits for filing a notice of appeal are jurisdictional in nature” and the courts “ha[ve] no authority to create equitable exceptions to jurisdictional requirements.” See Bowles, 551 U.S. at 206, 214, 127 S.Ct. 2360. That decides the case before us: the district court had no authority under Rule 60(b)(6) to reissue its judgment, and its opinion should be affirmed.
The majority attempts to distinguish Bowles and demonstrate that this Court’s decision in Lewis v. Alexander, 987 F.2d 392 (6th Cir.1993), still controls. The asserted distinction hinges on the fact that the motion at issue in Lewis was under Appellate Rule 4(a)(5) — a motion for extension of time to file a notice of appeal— while Bowles dealt with a Rule 4(a)(6) motion, which seeks to reopen the window of time to file an appeal. The majority extrapolates as follows: “Unlike Bowles ... the case before us does not involve a Rule 4(a)(6) notice problem ... [o]ur decision in Lewis thus controls this situation.” For the majority, the present case involves a special situation' — -and remains untouched by Bowles — because the Rules’ drafters intended Rule 60(b) to “provide! ] the district court with a mechanism for accommodating equitable considerations other than the notice problems at the heart of Rule 4(a)(6).”
But, no matter how we read the drafters’ intent, we are bound by the Supreme Court’s reading. And in Bowles, the Court did not confine itself to Rule 4(a)(6). It did not distinguish between time limits that derive from Rule 4(a)(6) from those that originate in Rule 4(a)(5), as in Lewis, or Rule 4(a)(1), as in the present case. Rather, the Court’s opinion spoke broadly of “time limits for filing a notice of appeal,” see Bowles, 551 U.S. at 206, 127 S.Ct. 2360, so as to encapsulate all of the limits contained in Rule 4, a rule which “carries [28 U.S.C.] § 2107 into practice,” id. at 208, 127 S.Ct. 2360. No matter the source of the time limit within Rule 4, Bowles tells us that the limit is jurisdictional. That leaves courts with no authority to create equitable exceptions, no matter how compelling the circumstances.
*445 The majority looks to our sister circuits, but case law from elsewhere in fact weighs against the majority’s attempt to artificially cabin Bowles. In In re Sealed Case, a unanimous panel of the D.C. Circuit explained at length why Bowles prohibits a litigant from using Rule 60(b) to avoid Rule 4(a)’s time limits. 624 F.3d at 486. Noting the “unequivocal and uncompromising terms” in which the Supreme Court spoke, the panel explained that courts in the post -Bowles legal landscape “lack[] power to carve out equitable exceptions to jurisdictional statutory requirements,” and that Rule 60(b) did nothing to confer such power. See id.
The vast majority of the other circuits have held likewise. The Second Circuit refused to review an order denying a Rule 60(b)(6) motion because “[cjompliance with Rule 4(a) is ‘mandatory and jurisdictional.’ ” DiGirolamo v. United States, 279 Fed.Appx. 37, 38 (2d Cir.2008) (per curiam) (alteration in original) (quoting Williams v. KFC Nat’l Mgmt. Co., 391 F.3d 411, 415 (2d Cir.2004)). The Third Circuit, in Baker v. United States, 670 F.3d 448, 456 (3d Cir.2012), stated unequivocally that the time limit in Rule 4(a)(1) is “jurisdictional[ ] and ... not subject to equitable modification.” In White v. Jones, 408 Fed.Appx. 293, 295 (11th Cir.2011), the Eleventh Circuit expressed serious doubts, in light of Bowles, that a litigant could “somehow ... file a Rule 60(b) motion to restart the appeal clock.”
The majority tries but fails to undermine some of this authority. In Perez v. Stephens, 745 F.3d 174, 177-78 (5th Cir.2014), the Fifth Circuit held that a petitioner could not use a Rule 60(b)(6) motion to circumvent Rule 4(a)(5)’s time limit. The majority finds Perez unpersuasive because it “did not involve the type of unconstitutional conduct by a state actor that is at issue in this case.” That is beside the point. The Supreme Court has made clear that, no matter what the conduct at issue and no matter why an appellate court may wish to create an equitable exception, an appellate court is not free to do so under any circumstances. The Fifth Circuit held true to this mandate.
In the face of this significant contrary authority, the majority cites just one case that provides actual support for its position. Mackey v. Hoffman, 682 F.3d 1247 (9th Cir.2012) focuses on the differences between Rule 4(a)(6) and other portions of Rule 4(a) in order to justify departure from Bowles. It is unsurprising that this reasoning — unpersuasive for the reasons discussed — has been firmly rejected by the overwhelming majority of circuits.
Bowles gives us no license to grant any equitable exceptions to the time limits in Rule 4. I dissent from the majority’s attempt to read holes in the Supreme Court’s clear ruling where none exist.
II.
Even if we had the power to grant an exception for “extraordinary circumstances,” I would hold that no such circumstances exist here and would affirm the district court’s denial of the Rule 60(b)(6) motion.
As the majority acknowledges, our review of the district court’s decision is for abuse of discretion, see Thompson v. Bell, 580 F.3d 423, 442 (6th Cir.2009), which exists when the district court “applies the wrong legal standard, misapplies the correct legal standard when reaching a conclusion, or makes a clear error of judgment,” Randleman v. Fidelity Nat’l Title Ins. Co., 646 F.3d 347, 351 (6th Cir.2011) (internal quotation marks omitted). The district court did none of these things in reaching its conclusion, and Tanner did not meet the especially high bar that litigants *446 must meet in order to prevail under Rule 60(b). “[Rjelief under Rule 60(b) is circumscribed by public policy favoring the finality of judgments and [the] termination of litigation,” Blue Diamond Coal Co. v. Trs. of UMWA Combined Benefit Fund, 249 F.3d 519, 524 (6th Cir.2001) (internal quotation marks omitted), especially under Rule 60(b), “which applies only in exceptional or extraordinary circumstances which are not addressed by the first five numbered clauses of the Rule.” Id. (internal quotation marks omitted). “Such circumstances will rarely occur in the habeas context.” Gonzalez v. Crosby, 545 U.S. 524, 535, 125 S.Ct. 2641, 162 L.Ed.2d 480 (2005).
The district court properly applied Rule 60(b) and did not make a clear error in adjudicating Tanner’s claim. The district court explained its decision as follows:
While [Tanner] has shown that extraordinary circumstances outside of her control, i.e. the unconstitutional actions of prison officials, prevented her from timely filing her notice of appeal, she has offered no explanation as to why she was unable to properly file a motion for an extension of time in which to file her notice of appeal as provided by Federal Rule of Appellate Procedure 4(a)(5).
Tanner v. Yukins, No. 04-CV-71155, 2012 WL 3109407, at *3 (E.D.Mich. July 31, 2012).
Tanner had until January 7, 2006, to file a motion for an extension of time, and the lock-down ended on December 8, 2005. She therefore had a period of time — after the unconstitutional conduct had ended— during which she could have filed. The district court did not abuse its discretion in deciding that the circumstances that existed during that time, resulting in Tanner’s missing the deadline, were not extraordinary. The majority focuses on the district court’s failure to notify Tanner that her notice' of appeal was untimely, holding that this justifies relief for a litigant who is “functionally illiterate but clearly committed to pursuing her remedies in court.” But the district court did not abuse its discretion in holding otherwise.
In fact, this Court’s precedents in an analogous area lend support to the district court’s conclusion. In the context of equitable tolling of the one-year deadline for filing a petition for habeas corpus under the Antiterrorism and Effective Death Penalty Act of 1996 (“AEDPA”), 28 U.S.C. § 2244(d)(1), this Court has held that combinations of illiteracy, pro se status, lack of access to legal materials, ignorance of the law, and reliance on legal assistance from others do not amount to extraordinary circumstances. See, e.g., Keeling v. Warden, Lebanon Corr. Inst., 673 F.3d 452, 464 (6th Cir.2012) (“[W]e note that Keeling’s pro se status and lack of knowledge of the law are not sufficient to constitute an extraordinary circumstance.”); Hall v. Warden, Lebanon Corr. Inst., 662 F.3d 745, 750-52 (6th Cir.2011) (stating that a combination of a prisoner’s pro se status, limited law-library access, and inability to access trial transcripts did not amount to an extraordinary circumstance); Cobas v. Burgess, 306 F.3d 441, 444 (6th Cir.2002) (finding that a petitioner is not entitled to equitable tolling on the basis of his ignorance of the law and legal process, his lack of education, his functional illiteracy, or his reliance on prison paralegals).
The district court properly applied the law on Rule 60(b) relief, permitting us to disturb its decision only if we detect “a clear error of judgment.” Randleman, 646 F.3d at 351 (internal quotation marks omitted). The district court did not commit such an error in deciding that — though the circumstances preventing Tanner from filing a timely notice of appeal were extraordinary and troubling — the circum *447 stances surrounding the late filing of the motion to extend time did not give rise to the type of “unusual and extreme situation” that the law requires. Olle v. Henry Wright Corp., 910 F.2d 357, 365 (6th Cir.1990). The district court did not, therefore, abuse its discretion.
III.
For the foregoing reasons, I would affirm the district court’s decision denying Tanner’s motion.