**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

ROBERT ITO FARM, INC.; HAWAII
FARM BUREAU FEDERATION, MAUI
COUNTY, "Maui Farm Bureau";
MOLOKAI CHAMBER OF COMMERCE;
AGRIGENETICS, INC., DBA Mycogen
Seeds; MONSANTO COMPANY;
CONCERNED CITIZENS OF MOLOKAI
AND MAUI; FRIENDLY ISLE AUTO
PARTS & SUPPLIES, INC.; NEW
HORIZON ENTERPRISES, INC., DBA
Makoa Trucking and Services;
HIKIOLA COOPERATIVE,
     *Plaintiffs-Appellees*,

v.

COUNTY OF MAUI,
     *Defendant*,

ALIKA ATAY; LORRIN PANG; MARK
SHEEHAN; BONNIE MARSH; LEI'OHU
RYDER; SHAKA MOVEMENT,
     *Intervenor-Defendants*,

v.

No. 15-15246

D.C. No.
1:14-cv-00511-
SOM-BMK

OPINION

THE MOMS ON A MISSION (MOM)
HUI; MOLOKAI MAHIAI; GERRY
ROSS; CENTER FOR FOOD SAFETY,
Proposed Intervenor-Defendants,
                    *Movants-Appellants.*

Appeal from the United States District Court
for the District of Hawaii
Susan Oki Mollway, Chief Judge, Presiding

Argued and Submitted June 15, 2016
Honolulu, Hawaii

Filed November 18, 2016

Before: Sidney R. Thomas, Chief Judge, and Consuelo M.
Callahan and Mary H. Murguia, Circuit Judges.

Opinion by Judge Murguia

## SUMMARY[*]

### Civil Procedure

The panel affirmed the district court's determination that it lacked jurisdiction over an appeal from a magistrate judge's order denying intervention.

The panel held that prospective intervenors are not "parties" for purposes of 28 U.S.C. § 636(c)(1), and a magistrate judge who has the consent of the named parties to the suit may rule on a prospective intervenor's motion to intervene without the prospective intervenor's consent. The panel held that in this case, because the magistrate judge had the consent of the parties and did not need the consent of the proposed intervenor, the magistrate judge had jurisdiction to rule on the motion to intervene and the magistrate judge's order denying intervention became immediately appealable to the Ninth Circuit, not to the district court.

### COUNSEL

Summer Kupau-Odo (argued), and Paul H. Achitoff, Earthjustice, Honolulu, Hawaii; Sylvia Shih-Yau Wu and George A. Kimbrell, Center for Food Safety, San Francisco, California; for Movants-Appellants.

Richard P. Bress (argued), Angela Walker, Andrew D. Prins, and Philip J. Perry, Latham & Watkins LLP, Washington,

---

[*] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

D.C.; Nickolas A. Kacprowski and Paul D. Alston, Alston Hunt Floyd & Ing, Honolulu, Hawaii; Christopher Landau, Kirkland & Ellis LLP, Washington, D.C.; Margery S. Bronster and Rex Y. Fujichaku, Bronster Fujichaku Robbins, Honolulu, Hawaii; for Plaintiffs-Appellees.

**OPINION**

MURGUIA, Circuit Judge:

A magistrate judge may exercise jurisdiction over a civil action "[u]pon the consent of the parties." 28 U.S.C. § 636(c)(1). This case requires us to decide whether the consent of a prospective intervenor—that is, one who wants to intervene but has not yet been allowed to do so—is necessary for a magistrate judge to rule on a motion to intervene. We hold that prospective intervenors are not "parties" for purposes of § 636(c)(1), and a magistrate judge who has the consent of the named parties to the suit may rule on a prospective intervenor's motion to intervene without the prospective intervenor's consent.

I.

In November 2014, the voters of the County of Maui ("the County") approved a county ordinance ("the Ordinance") via ballot initiative prohibiting the growth, testing, and cultivation of genetically engineered crops until the County conducted an environmental and health impact study. A group of industrial agriculture plaintiffs (Appellees in this appeal) sued the County in federal court to enjoin and invalidate the Ordinance. The parties consented to have the case proceed before a magistrate judge.

Two public-interest citizens' groups, Shaka and MOM Hui, filed motions to intervene on the same day.  In a single order, the magistrate judge granted Shaka's motion to intervene but denied MOM Hui's.  The magistrate judge found that the motions to intervene were timely, that both movants had significantly protectable interests, that the invalidation of the Ordinance would impair those interests, and that the County would not adequately represent their interests because the County had opposed the ordinance and its interests were broader than those of Shaka or MOM Hui.[1] The magistrate judge then allowed the Shaka movants to intervene based on the group's role in the initiative that enacted the Ordinance.  In the same order, the magistrate judge denied MOM Hui's motion to intervene, finding that Shaka would adequately represent MOM Hui's interests.  In a separate order, the magistrate judge directed the clerk to reassign the case to a district judge in light of the fact that Shaka, which was now a party to the action, had not consented to proceeding before the magistrate judge.

---

[1] A party seeking to intervene as of right must meet four requirements:

> (1) the applicant must timely move to intervene; (2) the applicant must have a significantly protectable interest relating to the property or transaction that is the subject of the action; (3) the applicant must be situated such that the disposition of the action may impair or impede the party's ability to protect that interest; and (4) the applicant's interest must not be adequately represented by existing parties.

*Arakaki v. Cayetano*, 324 F.3d 1078, 1083 (9th Cir. 2003) (citing Fed. R. Civ. P. 24(a)(2)).

MOM Hui "appealed" the magistrate judge's denial of its motion to intervene to the district court. After ordering supplemental briefing on the issue of consent, the district court held that the magistrate judge had jurisdiction to rule on MOM Hui's motion to intervene because the magistrate judge was acting with the consent of the parties to the suit. The district court further held that any appeal from the magistrate judge's order needed to be taken to the Ninth Circuit because the magistrate judge, having obtained the consent of the parties, had authority to enter a final decision under 28 U.S.C. § 636(c)(1). The district court therefore concluded that it lacked jurisdiction to hear MOM Hui's appeal.

MOM Hui timely appealed the district court's jurisdictional decision to this court. But MOM Hui does not appeal from the order of the magistrate judge denying its motion to intervene.

## II.

The magistrate judge had the consent of the named parties to the suit. The issue in this appeal is whether MOM Hui's consent as a *prospective* intervenor was necessary for the magistrate judge to exercise jurisdiction over its motion to intervene under 28 U.S.C. § 636(c)(1). We review this purely legal question de novo. *See United States v. Lang*, 149 F.3d 1044, 1046 (9th Cir.), *as amended*, 157 F.3d 1161 (9th Cir. 1998).

If the magistrate judge had jurisdiction under § 636(c)(1), the magistrate judge's ruling would have the same effect as if it had been made by a district judge. *See Pacemaker Diagnostic Clinic of Am., Inc. v. Instromedix, Inc.*, 725 F.2d 537, 540 (9th Cir. 1984) (en banc). As such, the magistrate

judge's intervention order would have been immediately appealable as a final decision. *See Donnelly v. Glickman*, 159 F.3d 405, 409 (9th Cir. 1998). An appeal of that order would need to be taken to this court, not the district court. *See* 28 U.S.C. § 1291.**[2]**

### III.

The Federal Magistrate Act of 1979 "authorizes magistrates, when specially designated by the district court, to exercise jurisdiction over civil matters and enter a final judgment in the district court in civil cases, provided the parties consent to the reference." *Pacemaker*, 725 F.2d at 540. As relevant here, the Act states that:

> Upon the consent of the parties, a full-time United States magistrate judge . . . may conduct any or all proceedings in a jury or nonjury civil matter and order the entry of judgment in the case, when specially

---

**[2]** The fact that an order becomes immediately appealable does not, absent the filing of a notice of appeal, necessarily divest the district court of jurisdiction to entertain a motion for reconsideration. *Cf. Mayweathers v. Newland*, 258 F.3d 930, 935 (9th Cir. 2001) ("When a notice of appeal is filed, jurisdiction over matters being appealed normally transfers from the district court to the appeals court"). Here, because the case was transferred from the magistrate judge to the district court once Shaka became a party, MOM Hui could have moved for the district court to reconsider the magistrate judge's intervention order, just as it could if the ruling had been made by a different district judge. *See Dreith v. Nu Image, Inc.*, 648 F.3d 779, 787–88 (9th Cir. 2011). But MOM Hui did not do so, and the district court did not abuse its discretion in declining to sua sponte construe MOM Hui's challenge of the magistrate judge's order as a motion for reconsideration. *See In re Jones*, 670 F.3d 265, 267 (D.C. Cir. 2012).

> designated to exercise such jurisdiction by the
> district court or courts he serves.

28 U.S.C. § 636(c)(1).

Under § 636(c)(1), a magistrate judge acting with the consent of the parties in a civil suit effectively presides as a district judge over the action. But "[w]here the magistrate judge has not received the full consent of the parties, he has no authority to enter judgment in the case, and any purported judgment is a nullity." *Kofoed v. Int'l Bhd. of Elec. Workers, Local 48*, 237 F.3d 1001, 1004 (9th Cir. 2001). Consent of the parties is a predicate for magistrate judge jurisdiction because, subject to some exceptions, a federal litigant has a personal right to have his case heard by an Article III judge. *Dixon v. Ylst*, 990 F.2d 478, 479 (9th Cir. 1993). As a result, "a magistrate judge may establish jurisdiction over an action only if the parties have consented to it." *United States v. Real Property*, 135 F.3d 1312, 1315 (9th Cir. 1998). The clerk must tell the parties in writing of their opportunity to consent, and the consent must also be explicit and in writing. *Id.*; *see also* Fed. R. Civ. P. 73(b); D. Haw. LR 73.2(a).

It is clear that the named parties to a federal suit must consent for a magistrate judge to have jurisdiction over the action. This case presents the novel question of whether a prospective intervenor must also consent for the magistrate judge to rule on the motion to intervene. The two circuit courts of appeal to have considered this question are split on the answer.

The Second Circuit has held that a magistrate judge lacks jurisdiction to decide a motion to intervene without the consent of the prospective intervenor. In *New York Chinese*

*TV Programs, Inc. v. U.E. Enterprises, Inc.*, the Second Circuit held that, without the consent of prospective intervenors, a magistrate judge's denial of their motion to intervene had "the effect only of a report and recommendation to the district judge, who upon the filing of objections must review *de novo* the recommendation." 996 F.2d 21, 25 (2d Cir. 1993) (citing Fed. R. Civ. P. 72(b)); *see also* 28 U.S.C. § 636(b)(1)(B). The Second Circuit relied on authority providing that "voluntary consent of *all* parties—even those entering [the] case at [a] later stage—may be required to invoke [the] jurisdictional provisions of § 636(c)." 996 F.2d at 24 (citing 12 Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 3077.2-3 (Supp. 1987)). Because "the consent of each party is essential to the validity of the statutory system that allows a magistrate judge to make binding adjudications," the court concluded that, without the prospective intervenors' express consent, the "magistrate judge was not authorized to enter a final order denying intervention." *Id.* at 24–25.

The Seventh Circuit reached the opposite result. In *People Who Care v. Rockford Board of Education, School District No. 205*, the court held that "the power to rule on motions to intervene is a necessary and proper incident of the magistrate judge's power to decide the underlying case." 171 F.3d 1083, 1089 (7th Cir. 1999). The court found this result to be consistent with § 636(c) because the statute "requires only the consent of 'parties' to the magistrate judge's entering dispositive orders." *Id.* And, as the court determined, "an applicant for intervention is not a party—he wants to *become* a party. He is a litigant, and if there were a good reason to classify him as a party the language of the statute would certainly bend far enough to allow this." *Id.* (citations omitted).

We agree with the Seventh Circuit that a prospective intervenor is not a "party" as that term is used in § 636(c)(1). The Supreme Court has held that a prospective intervenor is not a "party" as that term is used in federal law, and he does not become a party until he actually intervenes in the suit. *United States ex rel. Eisenstein v. City of New York*, 556 U.S. 928, 933 (2009). "[W]hen the term to intervene is used in reference to legal proceedings, it covers the right of one to interpose in, *or become a party to*, a proceeding already instituted." *Id.* (quoting *Rocca v. Thompson*, 223 U.S. 317, 330 (1912)). Further, a prospective intervenor does not become a party to the suit unless and until he is allowed to intervene. If the actual parties to the suit have given consent, the consent of prospective intervenors is not necessary for the magistrate judge to exercise jurisdiction over the action. *See Real Property*, 135 F.3d at 1317 (holding that a putative claimant's failure to become a party to an in rem action "made it unnecessary to obtain his consent to the magistrate judge's jurisdiction"). While later-added parties must give consent for a magistrate judge to exercise jurisdiction, *Jaliwala v. United States*, 945 F.2d 221, 223–24 (7th Cir. 1991), *prospective* parties do not have the same right.

MOM Hui argues that "[n]othing in 28 U.S.C. § 636(c) suggests that the term 'parties' is limited to *existing* parties *to a lawsuit*" and that "[l]egally, the term 'party' encompasses a wide range of meanings, including, primarily, '[o]ne who takes part in a transaction,' such as a party to a contract." (quoting Black's Law Dictionary 1144 (7th ed. 1999)). But that argument is foreclosed by *Eisenstein*'s holding that a "party," as that term is used in federal law, is "[o]ne by or against whom a lawsuit is brought." 556 U.S. at 933 (quoting Black's Law Dictionary 1154 (8th ed. 2004)). That a would-be intervenor may stand to be bound by a judgment or

otherwise adversely affected by it does not make him a party to the suit. *See id.* at 934 ("[T]he United States' status as a 'real party in interest' in a *qui tam* action does not automatically convert it into a 'party.'").

MOM Hui also argues that "parties," as used in § 636(c), must mean more than actual parties to the suit, or else it would have no way of obtaining review of the magistrate judge's denial of their motion to intervene. It points to § 636(c)(3), which provides that, "[u]pon entry of judgment in any case referred under paragraph (1) of this subsection [allowing magistrate judges to conduct proceedings upon consent of the parties], an aggrieved *party* may appeal directly to the appropriate United States court of appeals from the judgment of the magistrate judge in the same manner as an appeal from any other judgment of a district court." (emphasis added). MOM Hui contends that if it is not a "party," then it cannot appeal from the judgment of the magistrate judge under § 636(c)(3).

MOM Hui does have a right to appeal the magistrate judge's order denying its motion to intervene to this court, but this right is not based on its status as a party to the litigation. Rather, the denial of a motion to intervene is appealable under the collateral order doctrine. *Eisenstein*, 556 U.S. at 931 n.2. "In such a case, the [would-be intervenor] is a party for purposes of appealing the specific order at issue even though it is not a party for purposes of the final judgment and Federal Rule of Appellate Procedure 4(a)(1)(B)." *Id.*; *see also Stringfellow v. Concerned Neighbors in Action*, 480 U.S. 370, 375 (1987) (noting that the collateral order doctrine "recognizes that a limited class of prejudgment orders is sufficiently important and sufficiently separate from the underlying dispute that immediate appeal should be

available," but holding that the doctrine did not apply to a party that had been granted permissive intervention but denied intervention as of right); *Nat'l Ass'n of Chain Drug Stores v. New England Carpenters Health Benefits Fund*, 582 F.3d 30, 40 (1st Cir. 2009) (noting that would-be intervenors are "entitled to appeal the denials of intervention at once under the collateral order doctrine").

Section 636(c)(3) gives parties to a suit proceeding before a magistrate judge the right to appeal the magistrate judge's final judgment to the court of appeals. As a non-party, would-be intervenor, MOM Hui could not appeal the final judgment of the magistrate judge, i.e., the ruling as to whether the Ordinance is preempted. *See* 28 U.S.C. § 636(c)(3). But MOM Hui could nonetheless appeal the denial of its motion to intervene under the collateral order doctrine. *Eisenstein*, 556 U.S. at 931 n.2. "Party" therefore means the same thing in § 636(c)(3) as "parties" does in § 636(c)(1): "[o]ne by or against whom a lawsuit is brought." *Id.* at 933 (quoting Black's Law Dictionary, *supra* at 1154).

Because the magistrate judge had the consent of the parties and did not need the consent of MOM Hui, the magistrate judge had jurisdiction to rule on MOM Hui's motion to intervene. Effectively presiding as a district judge over the suit, the magistrate judge's intervention order became immediately appealable to this court. *See Citizens for Balanced Use v. Mont. Wilderness Ass'n*, 647 F.3d 893, 896 (9th Cir. 2011) (citing 28 U.S.C. § 1291); *Perles v. Kagy*, 394 F. Supp. 2d 68, 71–73 (D.D.C. 2005). Because MOM Hui did not appeal that order, we express no view on whether

MOM Hui should have been allowed to intervene. But we agree with the district court that MOM Hui's appeal should have been made to this court and not the district court.

**AFFIRMED.**