NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



FILED

AUG 15 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

---

BRANDON HARVEY, individually and on behalf of all others similarly situated,

　　　　Plaintiff-Appellee,

　v.

MORGAN STANLEY SMITH BARNEY LLC,

　　　　Defendant-Appellee,

　v.

MATHEW LUCADANO; TRACY CHEN, Proposed Intervenor-Plaintiffs,

　　　　Movants-Appellants.

No.　19-16955

D.C. No. 3:18-cv-02835-WHO

MEMORANDUM*

---

BRANDON HARVEY, individually and on behalf of all others similarly situated,

　　　　Plaintiff-Appellee,

　v.

MATHEW LUCADANO,

No.　20-15509

D.C. No. 3:18-cv-02835-WHO

---

　　　* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Objector-Appellant,

v.

MORGAN STANLEY SMITH BARNEY LLC,

Defendant-Appellee.

---

BRANDON HARVEY, individually and on behalf of all others similarly situated,

Plaintiff-Appellee,

v.

TRACY CHEN,

Objector-Appellant,

v.

MORGAN STANLEY SMITH BARNEY LLC,

Defendant-Appellee.

No.   20-15510

D.C. No. 3:18-cv-02835-WHO

---

BRANDON HARVEY, individually and on behalf of all others similarly situated,

Plaintiff-Appellant,

MATHEW LUCADANO; TRACY CHEN,

Objectors-Appellees,

v.

No.   20-15548

D.C. No. 3:18-cv-02835-WHO

2

MORGAN STANLEY SMITH BARNEY
LLC,

Defendant-Appellee.

Appeal from the United States District Court
for the Northern District of California
William Horsley Orrick, District Judge, Presiding

Argued and Submitted May 31, 2022
San Francisco, California

Before: WARDLAW, IKUTA, and BADE, Circuit Judges.

Tracy Chen and Mathew Lucadano (collectively, "Intervenors") appeal from the district court's order denying their motion to intervene as a matter of right under Rule 24(a)(2) of the Federal Rules of Civil Procedure.[1] Lucadano and Chen also filed individual appeals challenging the district court's final approval of a settlement agreement between Brandon Harvey and Morgan Stanley Smith Barney LLC ("Morgan Stanley") and the district court's allocation of attorneys' fees and costs. Harvey cross-appeals the district court's award of attorneys' fees, costs, and

---

[1] We grant Intervenors' requests for judicial notice of the Division of Labor Standards Enforcement's Brief Re: Res Judicata Effect of Settlement in Le, and its attached declarations; the Proposed Amicus Curiae Brief of the Division of Labor Standards Enforcement in support of Appellants in *California, ex rel. Turrieta v. Lyft, Inc.*, No. B304701; and the Division of Labor Standards Enforcement's Brief in Support of Reversal of Final Judgment, and its related motion filed pursuant to these appeals. *See Harris v. County of Orange*, 682 F.3d 1126, 1132 (9th Cir. 2012); *United States v. Wilson*, 631 F.2d 118, 119 (9th Cir. 1980).

incentive awards to Intervenors.

We have jurisdiction pursuant to 28 U.S.C. § 1291 and the collateral order doctrine, *see Robert Ito Farm, Inc. v. County of Maui*, 842 F.3d 681, 688 (9th Cir. 2016), and we affirm in part, dismiss in part, vacate in part, and remand for further proceedings.

## I.    Jurisdiction

We reject Intervenors' collective and individual challenges to the district court's subject matter jurisdiction over Harvey's claim under California's Private Attorneys General Act ("PAGA"), Cal. Labor Code §§ 2698–2699.8, and hold that the district court had subject matter jurisdiction over the PAGA claim.[2]

### A.

The district court had supplemental jurisdiction over the PAGA claim. Harvey's failure to cite 28 U.S.C. § 1367 in his complaint as the basis for the district court's jurisdiction over the PAGA claim did not deprive the district court of subject matter jurisdiction. *See Nationwide Mut. Ins. v. Liberatore*, 408 F.3d 1158, 1161–62 (9th Cir. 2005). The PAGA claim was part of the "same case or controversy" as the class claims brought under the jurisdiction of the Class Action

---

[2] We considered Intervenors' jurisdictional arguments because we have suggested that even non-parties may challenge a district court's subject matter jurisdiction. *See Cal. Dep't of Toxic Substances Control v. Com. Realty Projects, Inc.*, 309 F.3d 1113, 1120–21 (9th Cir. 2002).

Fairness Act ("CAFA"), 28 U.S.C. § 1332(d).[3]  *See* 28 U.S.C. § 1367(a).  The allegations in the operative complaint establish that the PAGA claim and the class claims arise out of a common nucleus of operative fact—here, Morgan Stanley's alleged violations of the Labor Code through its practice of, *e.g.*, requiring employees to incur business expenses without reimbursement.  *See Bahrampour v. Lampert*, 356 F.3d 969, 978 (9th Cir. 2004); *Gilder v. PGA Tour, Inc.*, 936 F.2d 417, 421 (9th Cir. 1991) (claims arose out of a common nucleus of operative fact when the "facts giving rise to the pendent state claims . . . [were] identical to those which [gave] rise to the . . . antitrust claims").

**B.**

Intervenors did not challenge the district court's exercise of supplemental jurisdiction in their motion to intervene, so they have waived the argument that the district court abused its discretion in doing so.  *See Acri v. Varian Assocs., Inc.*,

---

[3] We reject Intervenors' argument that supplemental jurisdiction over a PAGA claim is lacking solely because a district court would not have had original jurisdiction over a PAGA claim under CAFA.  *See City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 167 (1997) (stating that the "whole point of supplemental jurisdiction is to allow the district courts to exercise pendent jurisdiction over claims as to which original jurisdiction is lacking").  We likewise reject Intervenors' arguments that our decisions in *Saucillo v. Peck*, 25 F.4th 1118 (9th Cir. 2022), and *Magadia v. Wal-Mart Associates, Inc.*, 999 F.3d 668 (9th Cir. 2021), establish that the differences between PAGA actions and class actions deprived the district court of supplemental jurisdiction, as we did not address the issue of supplemental jurisdiction in *Saucillo* or *Magadia*.

114 F.3d 999, 1000–01 (9th Cir. 1997) (en banc).[4]  Moreover, the district court's

subsequent analysis in connection with the final approval order is not properly

before us for purposes of Intervenors' appeal.  *Cf. Kirshner v. Uniden Corp. of*

*Am.*, 842 F.2d 1074, 1077 (9th Cir. 1988).  Because "review of the discretionary

aspect to supplemental jurisdiction" is not jurisdictional, *Acri*, 114 F.3d at 1000–

01; *see also Kieslich v. United States (In re Kieslich)*, 258 F.3d 968, 970 (9th Cir.

2001), we decline to reach Chen's separate arguments that the district court abused

its discretion in exercising supplemental jurisdiction, for the reasons explained in

Section III.

## C.

Harvey has Article III standing[5] to bring the PAGA claim.  *See Magadia v.*

*Wal-Mart Assocs., Inc.*, 999 F.3d 668, 678 & nn. 6–7 (9th Cir. 2021).  Intervenors

do not dispute that Harvey's injury is sufficient to confer Article III standing for

his "individual and classwide Labor Code claims for damages," and it is

undisputed that Harvey has suffered an injury from the alleged Labor Code

---

[4] Although Harvey's and Morgan Stanley's failure to raise the issue of waiver would normally result in their waiver of a waiver argument, *see United States v. Doe*, 53 F.3d 1081, 1082 (9th Cir. 1995), we exercise our discretion to reach the issue, *United States v. Macias*, 789 F.3d 1011, 1017 n.3 (9th Cir. 2015).

[5] We do not address Intervenors' argument that Harvey lacks statutory standing.  *See Bilyeu v. Morgan Stanley Long Term Disability Plan*, 683 F.3d 1083, 1090 (9th Cir. 2012); *see also Robert Ito Farm*, 842 F.3d at 688; *Cal. Dep't of Toxic Substances Control*, 309 F.3d at 1120–21.  We likewise do not address Chen's statutory standing arguments.  *See* Section III, *infra*.

violations. *See id.* at 678–80.[6]

We thus conclude that the district court had subject matter jurisdiction over the lawsuit.

## II. Intervention

We affirm the district court's denial of Intervenors' motion to intervene as a matter of right under Rule 24(a)(2) of the Federal Rules of Civil Procedure because Intervenors have not shown that they have a "significantly protectable interest related to the subject of the action" or that they "will not be adequately represented by existing parties." *W. Watersheds Project v. Haaland*, 22 F.4th 828, 835 (9th Cir. 2022) (citation and internal quotation marks omitted).

Intervenors do not have a significant legally protectable interest. *See Donnelly v. Glickman*, 159 F.3d 405, 409, 411 (9th Cir. 1998); *see also Callahan v. Brookdale Senior Living Cmtys., Inc.*, — F.4th —, Nos. 20-55603 & 20-55761, 2022 WL 3016027, at *8 (9th Cir. July 29, 2022) (discussing California authority concerning a substantive right for intervention by an overlapping PAGA plaintiff); *Saucillo v. Peck*, 25 F.4th 1118, 1127–28 (9th Cir. 2022) (explaining that PAGA plaintiffs do not have an individual stake in the action or in the penalties obtained through a successful PAGA action); *Amalgamated Transit Union, Loc. 1756, AFL-*

---

[6] We likewise reject Intervenors' and Chen's argument that Harvey does not have Article III standing due to a lack of redressability. *See Magadia*, 999 F.3d at 676; *cf. Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 106 (1998).

*CIO v. Superior Ct.*, 209 P.3d 937, 943 (Cal. 2009) (explaining that PAGA "does not create property rights or any other substantive rights").

Nor have Intervenors made the necessary compelling showing to demonstrate inadequacy of representation. *See Callahan*, — F.4th —, 2022 WL 3016027 at *6 (stating that argument that proposed intervenor would not have agreed to a settlement "ultimately amounts to a disagreement over litigation strategy," which "is insufficient" to show inadequacy of representation); *see also Perry v. Proposition 8 Off. Proponents*, 587 F.3d 947, 952 (9th Cir. 2009); *California v. Tahoe Reg'l Plan. Agency*, 792 F.2d 775, 779 (9th Cir. 1986).

## III.   Appellate Standing

We dismiss Chen's appeal for lack of appellate standing. *See Marino v. Ortiz*, 484 U.S. 301, 304 (1988) (per curiam) ("The rule that only parties to a lawsuit, or those that properly become parties, may appeal an adverse judgment, is well settled."). Because we affirm the district court's denial of intervention as a matter of right, Chen remains a non-party to the litigation, *see United States v. Sprint Commc'ns, Inc.*, 855 F.3d 985, 989 (9th Cir. 2017); *Robert Ito Farm*, 842 F.3d at 688, and her status as a parallel PAGA plaintiff or aggrieved employee does not make her a party to the litigation, *Saucillo*, 25 F.4th at 1126–28. Nor does Chen explain why her limited party status for the purpose of receiving attorneys' fees, costs, and incentive awards permits her to appeal unrelated aspects of the

8

district court's approval of the settlement.[7]

We thus hold that Chen lacks standing to appeal the district court's approval of the settlement. Moreover, although we have recognized an exception to the general rule that non-parties lack standing to appeal, *Bank of Am. v. M/V Exec.*, 797 F.2d 772, 774 (9th Cir. 1986) (per curiam), we find that the equities do not weigh in favor of hearing her appeal. *See Saucillo*, 25 F.4th at 1127 (explaining that any preclusive effect resulting from a PAGA judgment "extends only to an employee's ability to seek 'civil penalties' under PAGA," and aggrieved employees "retain all rights to pursue or recover other remedies available under state or federal law" (citation omitted)).[8]

## IV.   Class Certification

We agree with Lucadano that the district court, in approving the settlement, may have certified a class in which not all class members suffered an injury sufficient to confer Article III standing.[9] *See TransUnion LLC v. Ramirez*, 141 S.

---

[7] Even if Chen were permitted standing to solely appeal the district court's allocation of attorneys' fees, we would not consider her arguments, because as discussed in Section IV, *infra*, we do not address the issue of whether the district court properly allocated attorneys' fees and costs.

[8] Accordingly, we deny the following as moot: Chen's request for judicial notice, the Division of Labor Standards Enforcement's motion to file an untimely *amicus curiae* brief, and Chen's motion to certify questions to the California Supreme Court.

[9] We reject Morgan Stanley's argument that Lucadano waived this argument by failing to object to class certification before the district court, because awarding relief to uninjured class members implicates the district court's jurisdiction over

9

Ct. 2190, 2208 (2021) (holding that "[e]very class member must have Article III standing in order to recover individual damages").  The certified class was not limited to those Morgan Stanley employees who had incurred unreimbursed business expenses or who had contributed money to the challenged AFG program, and there is evidence in the record indicating that that there were class members who had not suffered injury through Morgan Stanley's AFG program.  And the district court did not make a factual finding that every class member suffered some injury through the AFG program or otherwise incurred unreimbursed business expenses.

We lack assurance that every class member who would receive damages under the settlement suffered an actual injury from Morgan Stanley's alleged Labor Code violations.  *See Magadia*, 999 F.3d at 680 (stating that "class members who [could] establish . . . injuries have standing to collect damages" and quoting *Ramirez v. TransUnion LLC*, 951 F.3d 1008, 1017 (9th Cir. 2020), *rev'd on other grounds*, 141 S. Ct. 2190, for the assertion that "all class members 'must satisfy the requirements of Article III standing at the final stage of a money damages suit

---

those class members.  *See TransUnion LLC v. Ramirez*, 141 S. Ct. 2190, 2208 (2021); *Frank v. Gaos*, 139 S. Ct. 1041, 1046 (2019) (per curiam); *see also Denney v. Deutsche Bank AG*, 443 F.3d 253, 264 (2d Cir. 2006).  Even if Lucadano's argument were waivable, however, we would exercise our discretion to reach this issue.  *See El Paso City v. Am. W. Airlines, Inc. (In re Am. W. Airlines, Inc.)*, 217 F.3d 1161, 1165 (9th Cir. 2000).

when class members are to be awarded individual monetary damages'"). We therefore vacate the district court's approval of the settlement agreement and remand for the district court to assess Article III standing of the class members in the first instance.

The parties also challenge various other parts of the district court's approval of the settlement. Specifically, Intervenors argue that the district court erred in approving the class action settlement and abused its discretion in allocating attorneys' fees, and Harvey argues that the district court abused its discretion in allocating attorneys' fees and in awarding service fees to Intervenors. Because we vacate the district court's approval of the settlement, we do not address these arguments.

**AFFIRMED IN PART, DISMISSED IN PART, VACATED IN PART, AND REMANDED.**

Each party will bear its own costs on appeal.

11